Ruffin, C. J.
 

 The cause wholly fails, so far as it is sought to have a retrial of the issue on newly discovered evidence. The testimony of the Messrs. Davis is entirely inconclusive ; and, besides, it is fully explained and repelled by other persons, who were in the room with Robeson and Jones at the time to which they refer. Some witnesses have been examined as to the handwriting of the signature to the will, who give the opinion, that it was not that of Kea, the party deceased, and some express doubts of it. But evidence of that kind will not suffice; for, it is only further evidence to the same point, which was in contest on the trial, and of the same character with that then given. The rule is correctly and forcibly laid down for such cases in
 
 Peagram
 
 v.
 
 King, 2
 
 Hawks. 295, that it is not sufficient, that the newly discovered evidence goes to repel the adversary’s charge, but it must destroy his proofs ; and that is explained in the same case when it subsequently came up,
 
 2 Hawks. 605, to
 
 mean, that it must show the former verdict was-obtained by surprize and perjury. Indeed, the argument here put the appellant’s case entirely upon the ground, that these persons were infants at the trial and were not parties to that proceeding. But it is a mistake to say,, they were not parties. The record shows they were ; and they appeared by their
 
 father;
 
 and it is certain that he prosecuted the case on their behalf
 
 bona fide,
 
 and the present allegation contains no suggestion to the contrary. The argument proceeds on the technical ground, that there is no citation on file for them, nor order of record; appointing a guardian
 
 ad litem,
 
 and therefore that they were not “in any proper manner” made parties. However that might be a ground for a writ of error in a proceeding according to the course of the common law, it
 
 *260
 
 cannot be listened to as the foundation of an application of the kind now before us. That must rest upon merits ; and it cannot be granted, unless it be shown, that the former proceeding resulted wrong and that the interest of these persons was not duly defended by those who undertook if If this were the sole ground for impeaching the former trial, to which these persons were, at all events, nominal parties, and of which they do not pretend they had not personal knowledge at the time, it may be well asked, why they delayed this application for more than seven years — for a longer period, it is to be observed, than would bar a writ of error. But, in truth, if this were a writ of error, this would not be a reason for reversing a judgment. In probate causes there is, p:operly, no plaintiff nor defendant, but all persons are actors: and it has never been the course in this State
 
 to
 
 have a previous order appointing
 
 txprochein ami
 
 to prosecute a suit of any kind for an infant. The Court has a control over persons, who undertake to sue for an infant; and if he be an improper person, or brings an improper suit, the Court will remove him and appoint another to carry on the suit, and make the first pay the costs improperly incurred. But it is not error, even if the appearance of an infant defendant be entered by guardian, before obtaining a rule of the Court for it, but only a misdemeanor in the attorney. 1 Cromp. 158, 2 Sellons Pr. 135, 141. The appearance must, indeed, be entered, as being by guardian, or
 
 prochein ami,
 
 and not by attorney; but, though it be regular to have a rule for the purpose, the rule does not form a part of the record, technically speaking, as it is ultimately enrolled. When the infant appears to act in the cause by
 
 proekein ami
 
 or guardian, it is sufficient; for it must be supposed that hs was duly appointed and approved by the Court, or he would havo been, otherwise, removed.
 

 
 *261
 
 Viewing the case in any light, therefore, we can see no reason to disturb the probate, and the sentence of the Superior Court must be affirmed.
 

 Per Curiam. Judgment affirmed.